## GALLUP v. DENNISON.

THIS was an action of debt, upon a bail bond. The declaration was — " That on the 4th day of October, 1785, he, the plaintiff, had in his hands a lawful writ of attachment, in the name and favor of Charles Eldridge, against

Gallup v. Dennison.

one William Elliot, of Stonington, for the sum of £45, lawful money, made returnable in the County Court, to be held at Norwich, on the fourth Tuesday of November, 1785: Which writ the plaintiff was lawfully authorized and empowered to serve and return, according to law; and on the 4th day of October, 1785, aforesaid, the plaintiff lawfully arrested the body of said William Elliot, by virtue of said writ; and Joseph Dennison appeared and become bail for the said William's appearance at said court, on the fourth Tuesday of November then next; and the said Joseph and said William then and there gave unto the plaintiff a certain obligatory writing or bond, under their hands and seals, and by them well executed, and delivered the same to the plaintiff (which bond is recited at large in the declaration.)— And that having duly served said writ on the said Elliot's body, and read the same in his hearing, and taken bond as aforesaid, he duly returned the same into the files of the said County Court, with his indorsement thereon, that he, the plaintiff, had taken bail according to law, for the said Elliot's appearance at said court. At which said court said Eldridge appeared, and the cause was by said court adjourned, till the first Tuesday of February, A. D. 1786; at which court the said Eldridge appeared in said cause; but the said Elliot failed to appear, and answer in said cause, according to the conditions of said bond; and said court rendered judgment in said cause, in favor of said Eldridge, on default, for the sum of £21 7s. 4d. debt, and for £4 3s. 6d. cost; on which judgment the said Eldridge, on the 21st day of February, A. D. 1786, prayed out a writ of execution, against said

Elliot, for said sums, and one shilling for said writ of execution, directed to the sheriff of said county, his deputy, or either constable of Stonington — them commanding to levy and collect the sums contained in said execution, with said officer's fees, and made returnable in sixty days from the said 21st day of February, A. D. 1786; all in due form of law. Which said execution said Eldridge put into the hands of Luther Hull, who then, and for more than sixty days next afterwards, was a legal constable of Stonington; which said Hull made diligent search after the person or estate of said Elliot, throughout his precincts, but could find neither; and on the 15th day of April, A. D. 1786, the said Hull returned said execution into the files of said County Court, with a proper *non est inventus* indorsed thereon, with twelve shillings for said officer's fees, all in due form of law; all of which, by the files and records of said court, may appear. And thereby the plaintiff hath become liable, and obliged to pay the said Eldridge the full sum contained in said execution, and said officer's fees."—And the declaration concluded with averments, that the judgment remained in full force, the execution unsatisfied, and the bond unpaid.

On demurrer to this declaration, three exceptions were taken:

1. That it does not appear that the supposed officer had authority to make an arrest, and take bail.

2. Nor that there was a failure to perform the condition.

3. Nor that there has been a *non est inventus* against the principal.

By the COURT. The averments relative to these points are not so explicit as they might have been, but are, how-

ever, certain enough to common intendment, especially as they are references to matters more fully appearing of record, of which a *profert* is laid.

As to the first exception — the averment is — That the " plaintiff was lawfully authorized and empowered to serve and return," etc.   Which is sufficient, without setting forth particularly the circumstances implied in his being so authorized and empowered, as that he was specially empowered by a justice of the peace, who was appointed by the general assembly, and sworn by, etc.   For though a declaration is to state facts, that the court may see that there is a title, yet, if a fact laid be of a complex nature, and technically expressed, it is not ordinarily necessary to set forth the circumstances, or component parts, which constitute the fact; as this would make the record too prolix, and there may be certainty enough without it.

As to the second exception — the averment is — That " Eldridge (the plaintiff in the original action) appeared before the court, and the cause was adjourned to the first Tuesday of February, A. D. 1786; at which adjourned court the said Eldridge appeared in said cause; but the said Elliot (the principal) failed to appear, and answer in said cause, according to the condition of said bond; and said adjourned court rendered judgment in favor of said Eldridge, on default."— From the words, " but the said Elliot failed to appear, and answer in said cause," it would not, indeed, be certain, but he appeared at November court, to which he was bound; but coupled with the following words— " according to the condition of said bond," they amount to a negation of an appearance at November court, as well as at the adjournment; for had there been an appearance there

the condition would have been performed, and there could not afterwards be a failure upon it.

There having been an adjournment of the cause from November court, doth not evince, as hath been contended, that there was an appearance there by the principal; which in order to discharge the bail, must have been by a surrender of the principal in court, appearing of record, or by his having plead to the action.   The court, without such an appearance, might adjourn the cause at the motion of the bail, to give time to bring in the principal; or, at the motion of the principal himself, to give time for special bail to be entered, that he might plead.— There is nothing, therefore, to contradict the averment of a failure to perform the condition of the bond, or to appear and answer thereto.

As to the third exception — the averments are — That the execution was dated on the 21st of February, 1786, and returnable in sixty days; and that the officer " made diligent search after the person or estate of said Elliot, throughout his precincts, but could find neither; and on the 15th day of April, A. D. 1786, returned said execution into the files of said County Court, with a proper *non est inventus* indorsed thereon, in due form of law."— Here is. an averment of a return of *non est inventus*, within the life of the execution, which is a return of a certain appropriate meaning, and the one by name required in the statute; — and also, an averment of the officer's having, previous to the return, done specifically the facts which a *non est inventus* amounts to; — which, with a reference to the record, is quite sufficient upon this point.

DYER, J., dissenting.   As the foundation of my reasons

for dissenting from my brethren, in this case, I would take notice of two law principles:—

1. That every declaration is to be taken most strongly against him who declares; and nothing is to be taken in favor of it, by implication, except what is necessarily implied.

2. That where the construction is doubtful, it shall be in favor of the defendant.

It is admitted, that the averments in this declaration are not so explicit as they might have been.— It is further admitted, in this case, that the person who served the writ and took the bail bond, was not a common legal officer authorized to serve writs, as sheriff, deputy, or constable; but if he had any authority whatever, it was by a special power and appointment given him by the authority who signed the writ, founded on a particular statute for that purpose. If the writ had been served by a common legal officer, and an action brought by him on the bail bond, there is no doubt but he must have set forth his office in his declaration, and that he received and served the writ as such; which would be averring a matter of fact, that might be traversed, and put in issue; and it would not do for him to aver generally, that he was a person legally authorized.— If a person who had been arrested, and imprisoned, should bring his action for false imprisonment, would it do for the defendant to plead, that he was legally authorized to arrest and imprison him? Clearly, not; — and it is equally clear — that where any claim or demand is made, by force of a special authority, such authority must be specially set forth, that the court may judge of the legality by the facts; — but from a simple averment, no judgment can be formed, for want of facts to ground it upon.

As to the second exception — the condition of the bond was — That the defendant in the suit referred to, should appear in the County Court in November. In declaring upon obligations with condition, it hath ever been practiced and held, that the declaration should contain an averment that the condition is not performed; otherwise, the plaintiff does not show that he has cause of action.— The averment in the present case, is — That Eldridge appeared at November court, and the cause was adjourned till February, when the said Eldridge again appeared, but Elliot did not appear.— It goes further, and says — That his not appearing at February court, was a failing to appear, according to the condition of the bond: The only condition was, that he should appear at November court, which the plaintiff hath not denied. The words coupled with " according to the condition of said bond," are particularly confined to February court, and cannot, by any reasonable construction, be carried back to November; and the arguments of my brethren show the declaration to be very dubious and uncertain in that respect; and that, upon the principles premised, ought to be construed most favorably for the defendant, and not for the plaintiff.

As to the third exception — The plaintiff, it is true, avers, that he made diligent search, etc. and returned the execution into the files of the court, (and in his opinion) made a proper return of *non est inventus* thereon, and (he says) it was in due form of law; but how can the court know that it was a proper one, or in due form of law. No facts are set forth, and it does not appear that the return contained any.— It hath been ever held necessary, that the officer should set forth his doings in his return, so far as will

Gallup v. Dennison.

enable the court to judge of the legality thereof, if true, and for the defendant to contest them, if not; and if the contrary be once admitted, it will involve all in uncertainty, and deprive the defendant of his legal defense.— Therefore, it appears to me, that the declaration is wholly insufficient.